OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

February 8, 2002

The Honorable Kim Brimer
Chair, House Committee on
 Business & Industry
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0458

Re: Constitutionality of a ban on testimonials by health care professionals  (RQ-0411-JC)

Dear Representative Brimer:

You have requested our opinion regarding the constitutionality of an absolute ban on testimonials in advertising by health care professionals. Although we cannot definitively conclude as a matter of law that a blanket ban is unconstitutional, we believe it is highly likely that a court would so conclude.

Section 101.201 of the Texas Occupations Code provides:

(a)     A person may not use advertising that is false, misleading, deceptive, or not readily subject to verification.

(b)     False, misleading, or deceptive advertising or advertising not readily subject to verification includes advertising that:

> (1)     makes a material misrepresentation of fact or omits a fact necessary to make the statement as a whole not materially misleading;

> (2)     makes a representation likely to create an unjustified expectation about the results of a health care service or procedure;

> (3)     compares a health care professional's services with another health care professional's services unless the comparison can be factually substantiated;

> (4)     contains a testimonial;

(5)     causes confusion or misunderstanding as to the credentials, education, or licensing of a health care professional;

(6)     represents that health care insurance deductibles or copayments may be waived or are not applicable to health care services to be provided if the deductibles or copayments are required;

(7)     represents that the benefits of a health benefit plan will be accepted as full payment when deductibles or copayments are required;

(8)     makes a representation that is designed to take advantage of the fears or emotions of a particularly susceptible type of patient; or

(9)     represents in the use of a professional name a title or professional identification that is expressly or commonly reserved to or used by another profession or professional.

TEX. OCC. CODE ANN. § 101.201 (Vernon 2002) (emphasis added). Section 101.251 provides that "[a] person who violates this chapter is liable to the state for a civil penalty in an amount not to exceed $1,000 for each violation. Each day a violation occurs constitutes a separate violation." *Id.* § 101.251(a). Furthermore, the attorney general, who is charged with enforcement, "may recover reasonable expenses incurred in obtaining a civil penalty under this section, including court costs, reasonable attorney's fees, reasonable investigative costs, witness fees, and deposition expenses." *Id.* § 101.251(c).

In Attorney General Opinion JC-0342, we concluded that, on the basis of section 101.201(b)(4), the Board of Medical Examiners was authorized "to adopt rules that prohibit the use of all testimonials in physician advertising." Tex. Att'y Gen. Op. No. JC-0342 (2001) at 7. The request that was the basis for JC-0342 did not ask about the constitutionality of section 101.201(b)(4), and the opinion, while acknowledging the issue, did not reach any conclusion on the matter. Here, the question is squarely before us.

The United States Supreme Court first held that professional advertising is a form of commercial speech in *Bates v. State Bar of Arizona*, 433 U.S. 350 (1977). Commercial speech is entitled to "'a limited measure of protection, commensurate with its subordinate position in the scale of First Amendment values,' and is subject to 'modes of regulation that might be impermissible in the realm of noncommercial expression.'" *Bd. of Trs. of State Univ. of N.Y. v. Fox*, 492 U.S. 469, 477 (1989), *aff'd*, 42 F.3d 135 (1994) (quoting *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 456 (1978)). The Supreme Court uses an "intermediate scrutiny" test to evaluate restrictions on commercial speech, and analyzes them under the framework set forth in *Central Hudson Gas &*

*Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557, 573 (1980). As the Supreme Court said in *Florida Bar v. Went for It*, 515 U.S. 618 (1995):

> Under *Central Hudson*, the government may freely regulate commercial speech that concerns unlawful activity or is misleading. Commercial speech that falls into neither of those categories, like the advertising at issue here, may be regulated if the government satisfies a test consisting of three related prongs: First, the government must assert a substantial interest in support of its regulation; second, the government must demonstrate that the restriction on commercial speech directly and materially advances that interest; and third, the regulation must be "narrowly drawn."

*Id.* at 623-24 (citation omitted).

Under the *Central Hudson* test, the state may absolutely ban commercial speech that concerns unlawful activity or is misleading. The speech at issue here does not concern an unlawful activity. Nor has it been shown that testimonials are inherently misleading. *Cf. Bell v. Legal Adver. Comm.*, 998 F. Supp. 1231, 1237 (D. N.M. 1998) (absolute ban on legal advertising testimonials would be unconstitutional unless state provided evidence supporting assertion that testimonials inherently misleading or otherwise deserving of being banned); *Snell v. Dep't of Prof'l Regulation*, 742 N.E.2d 1282 (Ill. App. 2001), *dism'd on motion by appellant* (10/19/01) (regarding chiropractors and holding that "while testimonials have the potential to be misleading, there is nothing inherently misleading about them"). Section 101.201 of the Occupations Code simply deems all testimonials to be inherently misleading. Unlike the other eight examples of "false, misleading, or deceptive advertising or advertising not readily subject to verification," the ban on testimonials is not qualified or explained. Nothing in the bill analysis of the legislation that enacted section 101.201 contains any reference to testimonials. HOUSE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. H.B. 3155, 76th Leg., R.S. (1999). Therefore, we apply the three prong test of *Central Hudson*.

We will assume for purposes of this opinion that the state can satisfy the first two prongs of the *Central Hudson* test: first, that it has a "substantial interest" in banning "advertising that is false, misleading, deceptive, or not readily subject to verification"; and second, that its prohibition "directly and materially advances that interest." The third prong, however, is more troublesome. It requires that "the regulation must be narrowly drawn." We believe that the ban at issue fails to satisfy this prong.

We first note that section 101.201 fails to define the term "testimonial." A "testimonial," in the context clearly intended here, is "a statement testifying to benefits received." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 1219 (9th ed. 1990). A "testimonial" would presumably describe the experience the speaker has had with the health professional who is the subject of an advertisement. But because there is no statutory definition, a health professional would not be able to ascertain whether the term would be broadly construed by a court, narrowly construed, or otherwise.

Furthermore, the legislature has not limited the class of persons qualified to make a testimonial used in health professional advertising. A testimonial offered by a prominent heart surgeon on behalf of a colleague would be as prohibited by section 101.201 as would a testimonial by a patient, or indeed, by a fictional character.

Blanket bans on commercial speech, "unlike content-neutral restrictions on the time, place, or manner of expression, are particularly dangerous because they all but foreclose alternative means of disseminating certain information." *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 501 (1996); *see also Greater New Orleans Broadcasting Ass'n, Inc. v. United States*, 527 U.S. 173, 194-95 (1999). As one federal district court has recently said, "[a]bsolute bans on various types of attorney advertising have not fared well in the United States Supreme Court or other appellate courts." *Bell*, 998 F. Supp. at 1238. Section 101.201 of the Occupations Code makes no effort to narrow or qualify its absolute ban on testimonials. The statute thereby *presumes* the proof required by the *Central Hudson* test. In *In re R.M.J.*, 455 U.S. 191 (1982), the Supreme Court held that, while misleading advertising may be prohibited entirely, a state "may not place an absolute prohibition on certain types of potentially misleading information, *e.g.*, a listing of areas of practice [of an attorney], if the information also may be presented in a way that is not deceptive." *Id.* at 203. In another case, the Supreme Court said that "we cannot allow rote invocation of the words 'potentially misleading' to supplant the Board's burden to 'demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree.'" *See Ibanez v. Fla. Dep't of Bus. & Prof'l Regulation, Bd. of Accountancy*, 512 U.S. 136, 146 (1994).

Finally, section 101.201, in its absolute prohibition on testimonials, overlooks a simple means to remedy its constitutional defect, a remedy that has been suggested by the Supreme Court on at least five occasions. In *In re R.M.J.*, the Court observed that "the Court in *Bates* suggested that the remedy in the first instance is not necessarily a prohibition but preferably a requirement of disclaimers or explanation. . . . Although the potential for deception and confusion is particularly strong in the context of advertising professional services, restrictions upon such advertising may be no broader than reasonably necessary to prevent the deception." *In re R.M.J.*, 455 U.S. at 203. And in *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S. 626 (1985), the Court noted that "in virtually all our commercial speech decisions to date, we have emphasized that because disclosure requirements trench much more narrowly on an advertiser's interests than do flat prohibitions on speech, 'warning[s] or disclaimer[s] might be appropriately required . . . in order to dissipate the possibility of consumer confusion or deception.'" *Id.* at 651.

Thus, we believe that, at the very least, section 101.201(b)(4) of the Occupations Code fails to satisfy the third prong of the *Central Hudson* test, in that it is more extensive than necessary to serve the state's interest. The statute simply *assumes* that *all* testimonials, regardless of their source, are *inherently misleading*. Consequently, we are persuaded that a court would have significant difficulty in upholding the constitutionality of section 101.201(b)(4).

We note that a mid-level appellate court in Illinois has within the past year declared constitutionally void a statute that imposed an absolute ban on the use of testimonials by

chiropractors. *See Snell*, 742 N.E.2d 1282 (Ill. App. 2001), *dism'd on motion by appellant* (10/19/01). The opinion is relevant to the present inquiry, not only because it is the first reported voiding of a state's blanket ban on the use of testimonials by health care professionals, but also because, just as the Texas Legislature in enacting section 101.201 simply *deemed* all testimonials to be false and misleading, the Illinois Department of Professional Regulation asserted to the court that all testimonials were "inherently misleading." *Id.* at 1285. Disagreeing, the court said that, while "testimonials have the potential to be misleading, there is nothing inherently misleading about them. Testimonials are not innately more likely to deceive the public than inform it." *Id.* at 1286. The court also failed to perceive "any commonsense link between a *categorical* ban on testimonials . . . and the purported harm the State seeks to prevent." *Id.* at 1287 (emphasis in original). In conclusion, the court wrote:

> [W]e conclude that section 26, by banning testimonials outright, sacrifices an intolerable amount of truthful speech about lawful conduct. We further conclude that the complete ban on testimonials is not in proportion to the State's admittedly important interests and is unnecessarily and disproportionately broad in the scope of communication it prohibits.

*Id.* at 1288.

In our opinion, the court's argument is persuasive, and is equally applicable to section 101.201(b)(4) of the Occupations Code. We believe that a court would probably conclude as a matter of law that this provision contravenes the standards regarding commercial speech set forth in *Central Hudson*.

## S U M M A R Y

The United States Supreme Court has held that the government may freely regulate commercial speech that concerns unlawful activity or is misleading, but that commercial speech that falls into neither of those categories may be regulated only if the government satisfies a three prong test: (1) the government has a substantial interest in regulating the speech; (2) the restriction directly and materially advances that interest; and (3) the regulation is narrowly drawn. Because section 101.201(b)(4) of the Texas Occupations Code imposes an absolute ban on the use of testimonials regarding health care professionals, a court would probably find that it fails to satisfy the third prong of this test and, therefore, contravenes the First Amendment to the United States Constitution.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee